UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY<br>*Plaintiff*,<br>*v.*<br>DONTE TENN *and* TAILAN MOSCARITOLO,<br>*Defendants*. | Civil No. 3:19-cv-432 (JBA)<br><br>June 26, 2020 |

**RULING DENYING DEFENDANT DONTE TENN'S MOTION TO DISMISS**

Plaintiff Allstate Insurance Company ("Allstate") brings this diversity action against Donte Tenn and Tailan Moscaritolo, seeking a declaratory judgment as to its coverage obligations related to these Defendants. Specifically, Allstate seeks a declaratory judgment that it has no duty to defend or indemnify Mr. Tenn in a Connecticut state court tort action that arises from his alleged assault of Mr. Moscaritolo. Mr. Tenn now seeks dismissal of Allstate's action for failure to state a claim upon which relief may be granted.

For the reasons that follow, Defendant's Motion to Dismiss [Doc. # 23] is denied.

## I. Background

This declaratory judgment litigation arises from an incident that was alleged to have occurred in 2016 and that is now the subject of a Connecticut state court complaint, *Moscaritolo v. Tenn*, No. MMX-CV18-6023052-S (Conn. Super. Ct. Nov. 27, 2018) (the "Underlying Action").

### A. The Underlying Action

In the Underlying Action, Mr. Moscaritolo alleges that on or about October 10, 2016, he was "lawfully walking upon the public sidewalk" in Middletown, Connecticut. (Ex. B. (Underlying Compl.) to Am. Compl. [Doc. # 22-2] First Count ¶¶ 2, 3.) According to his complaint, Mr. Moscaritolo was then "forcefully struck by the Defendant, Donte Tenn, about the head and body

with a baseball bat." (*Id.* First Count ¶ 3.) He allegedly suffered injuries as a result, including "traumatic brain injury with memory loss and cognitive impairment; multiple skull fractures; an intracranial hemorrhage; an epidural hematoma; a left distal tibial shaft fracture; concussion; post-traumatic stress disorder; and headaches." (*Id.* First Count ¶ 5.)

On November 2, 2016, Mr. Tenn was allegedly arrested and "criminally charged with assault in the first degree, reckless endangerment in the first degree, and breach of peace in the second degree. (Am. Compl. [Doc. # 22] ¶ 26.) Mr. Tenn allegedly "entered a plea of Nolo Contendere to the charge of assault in the first degree" on November 6, 2018, and "was sentenced on June 11, 2019." (*Id.* ¶ 27.)

On November 2, 2018, Mr. Moscaritolo brought his civil tort action against Mr. Tenn, filing his four-count complaint in Connecticut Superior Court. (*See* Ex. A (Underlying Action Docket) to Def.'s First Mot. to Dismiss [Doc. # 15-1] at 2.)[1] The First Count asserts a claim of assault, alleging that Mr. Tenn's acts were "willful, wanton, intentional and malicious." (Underlying Compl. First Count ¶ 4.) The Second Count pleads negligent assault, alternatively alleging that Mr. Tenn acted with "negligence, carelessness, and heedlessness" by, *inter alia,* "fail[ing] and neglect[ing] to make a reasonable use of his faculties to ascertain the proximity of [Mr. Moscaritolo] before swinging a baseball bat," "not keep[ing] the baseball bat in his possession

[1] The Court takes judicial notice of the court records in the Underlying Action, as it "may . . . look to public records," including court filings, when deciding a motion to dismiss without converting the motion into one for summary judgment. *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). By taking judicial notice of such public records, the Court only takes "judicial notice of the fact that [the records] . . . contained certain information, without regard to the truth of their contents." *Staehr v. Hartford Fin. Servs. Grp.*, Inc., 547 F.3d 406, 425 (2d Cir. 2008).

under reasonable and proper control," and "conduct[ing] himself in a manner which he knew or should have known was likely to cause harm to others" "[i]n that, upon information and belief, he intended to strike a person other than [Mr. Moscaritolo], but mistakenly identified . . . [Mr.] Moscaritolo, as the person he intended to strike." (*Id.* Second Count ¶ 9.) The Third Count asserts a claim of intentional infliction of emotional distress, alleging that Mr. Tenn "knew or should have known that his forceful assault of the Plaintiff, Tailan Moscaritolo, would result in [his] severe emotional distress." (*Id.* Third Count ¶ 10.) The Fourth Count pleads negligent infliction of emotional distress, alleging that Mr. Tenn was "negligent in that he knew or should have known that the above-described acts involved an unreasonable risk of causing severe emotional distress and that such distress might result in illness or bodily harm to the Plaintiff, Tailan Moscaritolo." (*Id.* Fourth Count ¶ 10.)

On May 24, 2019, Mr. Tenn filed his answer to the Underlying Complaint. (Underlying Action Docket at 2.) As to the First Count, Mr. Tenn generally responded that "he is without knowledge and/or information sufficient from which to form a belief as to the allegations," "leav[ing] the plaintiff to his proof" that the alleged acts and injuries occurred. (Ex. B (Underlying Action Answer) to Def.'s Original Mot. to Dismiss [Doc. # 15-2] First Count ¶ 1.) Mr. Tenn specifically denied that he acted with a "willful, wanton, intentional and malicious" state of mind. (*Id.* ¶ 2.) As to the other three counts, Mr. Tenn again generally answered that "he is without knowledge and/or information sufficient from which to form a belief as to the allegations . . . and leaves the plaintiff to his proof." (*Id.* ¶¶ 9-11.)

**B. The Allstate Insurance Policy**

Prior to the October 10, 2016 incident, Allstate "issued Deluxe Plus Homeowners Policy No. 025 027 727 to Stephanie L. Patrick and Danette M. Lawrence for the policy period beginning

August 11, 2016, and the premium period August 11, 2016 through August 11, 2017." (Am. Compl. ¶ 9; *see also* Ex. A (Allstate Insurance Policy) to Am. Compl. [Doc. # 22-1].)

The Deluxe Plus Homeowners Policy ("Policy") "provides for Family Liability Coverage in the amount of $300,000 each occurrence." (Am. Compl. ¶ 10.)[2] The policy defines the term "occurrence" to mean "an accident . . . resulting in bodily injury or property damage." (*Id.* ¶ 14.) The Policy states:

> Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and covered by this part of the policy.
>
> We may investigate or settle any claim or suit for covered damages against an insured person. If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent. We are not obligated to pay any claim or judgment after we have exhausted our limit of liability.

(*Id.* ¶ 11 (emphases omitted).) The Policy also contains the following exclusions:

> We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts of the insured person. This exclusion applies even if:
> a) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or
> b) such bodily injury or property damage is sustained by a different person than intended or reasonably expected. This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime. This exclusion does not apply with respect to the interest of an insured person not participating in these acts.

[2] The relationship between the named Allstate policy holders and the parties to the Underlying Action is not identified in Allstate's Amended Complaint. The Court infers that Mr. Tenn has some relationship to these policy holders and is attempting to assert Family Liability Coverage.

(*Id.* ¶ 12 (emphases omitted).) Additionally, the Allstate Policy requires an insured person to "[p]romptly notify us or our agent" of the "date, the place, and the circumstances of the loss," as well as "the name and address of anyone who might have a claim" against the insured person. (*Id.* ¶ 13 (emphases omitted).) The Policy also requires the insured person to "[p]romptly send" Allstate "any legal papers relating to the accident." (*Id.*)

**C. Allstate and the Underlying Action**

On June 19, 2018, Allstate received its "first notice of the October 10, 2016 incident and the claims being made by Moscaritolo." (*Id.* ¶ 28.) This "[n]otice was provided by counsel for Moscaritolo." (*Id.* ¶ 29.) Allstate "is currently defending Tenn in the Underlying Action subject to a full and complete reservation of rights." (*Id.* ¶ 30.)

On March 25, 2019, Allstate filed a Complaint for Declaratory Judgment in the District of Connecticut. Allstate alleged that it "has no obligation or duty under the Policy to indemnify Tenn, or anyone who may gain a judgment against him, for the claims and damages alleged in the Underlying Action," because "a) The conduct alleged in the Underlying Action does not constitute an 'occurrence' as that term is defined in the Policy; b) The claims and conduct alleged in the Underlying Action are within the Policy's exclusion for bodily injury intended by, or which may reasonably be expected to result from, the intentional or criminal acts of the insured person; and c) Tenn breached the Policy condition related to notice" in a prompt fashion. (Compl. [Doc. # 1] ¶ 36.)

Mr. Tenn filed his Original Motion to Dismiss [Doc. # 15] on June 25, 2019, but this motion was denied without prejudice for failure to comply with the Court's pre-filing conference requirement. A pre-filing conference was subsequently held, after which Allstate amended its

Complaint by adding allegations as to Mr. Tenn's criminal charges, (*see* Am. Compl. ¶¶ 26, 27), and as to when and how it received notice of the October 10, 2016 incident, (*see id.* ¶¶ 28, 29.)

Mr. Tenn renewed his Motion to Dismiss, (Def.'s Second Mot. to Dismiss [Doc. # 23]), on September 16, 2019. In that Motion, Mr. Tenn "incorporate[s] herein the arguments . . . presented in [the] June 25, 2019 Motion to Dismiss," stating that Plaintiff's Amended Complaint presents "essentially identical arguments to its August 14th Complaint." (*Id.* at 1.)

## II. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss under Rule 12(b)(6), a court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are not sufficient. *Iqbal*, 556 U.S. at 678–79.

When determining the sufficiency of a complaint, the district court is limited "to the factual allegations in [the] . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## III. Discussion

Defendant Donte Tenn moves to dismiss both counts of Allstate's complaint on the grounds that "Plaintiff's Declaratory Judgment action is premature and fails to state a claim upon which relief may be granted." (Def.'s Second Mot. to Dismiss at 3.) Mr. Tenn contends that the "alleged Policy Exclusions" regarding intentional and criminal acts "do not apply to this action," because the "Underlying Action is in preliminary stages, and no determination has yet been made with respect to the Defendant's conduct therein, and whether his actions are intentional, or whether he was even the person who allegedly assaulted the Plaintiff in that action." (Def.'s Original Mot. to Dismiss at 4.)[3] Additionally, Mr. Tenn notes that he "pled insufficient knowledge to all but one paragraph of the First Count, thereby not admitting to any of the allegations contained therein, including whether he was the alleged assailant," that he "denied any intentional or other conduct which would come under the Policy's exclusions," and that "only the First Count of the Underlying Action alleges an intentional assault" as the "remaining three counts allege negligence, intentional infliction of emotional distress and negligent infliction of emotional distress, none of which are covered under the Policy's Exclusions." (*Id.*) Mr. Tenn also asserts in a conclusory fashion that Allstate has "fail[ed] to meet its burden to obtain declaratory relief as to the issue of notice." (Def.'s Second Mot. to Dismiss at 4.)[4]

---

[3] Although Mr. Tenn's request to incorporate his Original Motion to Dismiss is unusual and not altogether favored, the Court will nonetheless consider its arguments alongside the newly submitted motion, as the two motions cumulatively remain under the page limit set forth in District of Connecticut Local Rule 7(a). *See Austin v. Wash. Metro. Area Transit Auth.*, No. 19-CV-2718 (DLF), 2020 WL 2962609 (D.D.C. May 28, 2020) (allowing defendants to "incorporate by reference the arguments in their original motions to dismiss").

[4] Defendant also inexplicably relies on *Conley v. Gibson*, 355 U.S. 41 (1957), for the proposition that "Plaintiff 'can prove no set of facts in support of [its] claim which would entitle

Plaintiff Allstate responds that Mr. Tenn's "motion is focused on the merits of Allstate's operative complaint," (Pl.'s Opp. to Def.'s Second Mot. to Dismiss [Doc. # 24] at 1), and "attempt[s] to conflate factual issues with procedural ones," (*id.* at 6). Allstate further asserts that "the outcome of the Underlying Complaint has no bearing on proper pleading" and that the "issues presented by Tenn are therefore not appropriate subjects of a motion to dismiss for failure to state a claim upon which relief may be granted." (*Id.* at 7.) Allstate contends that its declaratory judgment action is not premature because this "duty [to defend] is based on the allegations of the complaint filed in the Underlying Action," and is thus ripe for adjudication. (*Id.* at 8.) Allstate also notes that "[c]ourts have consistently rendered declaratory judgments in the context of insurance disputes." (*Id.* at 10 (citing, *e.g.*, *St. Paul Fire & Marine Ins. Co. v. Shernow*, 22 Conn. App. 377, 381 (1990) (addressing question of whether "claims made by [the underlying victim] fell under the coverage provided by the [underlying defendant's insurance] policy"); *Travelers Cas. & Sur. Co. of Am. v. Netherlands Ins. Co.*, 312 Conn. 714, 727 (2014) ("One type of controversy to which our declaratory judgment statute often has been applied is a dispute over rights and liabilities under an insurance policy.")).)

The Court will first address Mr. Tenn's basic argument that Allstate's action is premature, which it will construe as an argument regarding ripeness. The Declaratory Judgment Act gives federal courts the authority to "declare the rights and other legal relations of any interested party

---

[it] to relief,'" (Def.'s Original Mot. to Dismiss at 4 (quoting *Conley*, 355 U.S. at 45-46 (alterations in motion))), and takes the position that "the *Twombly* and *Iqbal* plausibility pleading tests" do not "apply here," (Def.'s Reply [Doc. # 26] at 1 n.1).

Defendant is flatly wrong on this point, as the Supreme Court has been clear that the "no set of facts" pleading standard articulated in *Conley* "has earned its retirement" and that the plausibility pleading standard now governs. *Twombly*, 550 U.S. at 563.

seeking such declaration, whether or not further relief is or could be sought" where jurisdiction exists over a case. 28 U.S.C. § 2201. "The standard for ripeness in a declaratory judgment action is that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005) (quoting *Md. Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

"The mere fact that liability is contingent on an event . . . does not mean that the declaratory judgment action is unripe." *Valls v. Allstate Ins. Co.*, No. 3:16-CV-01310 (VAB), 2017 WL 4286301, at *7 (D. Conn. Sept. 27, 2017); *see also Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992). As the Second Circuit has observed, "litigation over insurance coverage has become the paradigm for asserting jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real." *Id.* (internal quotation marks omitted). Indeed, it "is well-established that there is Article III jurisdiction over a claim by an insurance company for declaratory relief with respect to an indemnification obligation even though the underlying state court tort action has not yet resulted in a judgment." *W. World Ins. Co. v. Sorosiak*, No. 3:12-CV-00420(MPS), 2013 WL 12303240, at *1 (D. Conn. Jan. 24, 2013) (internal quotation marks and alteration omitted).

In light of these principles, it is clear that jurisdiction exists over Plaintiff's declaratory judgment action, as Defendants are already in litigation and as Allstate "is currently defending Tenn in the Underlying Action subject to a full and complete reservation of rights." (Am. Compl. ¶ 30.) Indeed, it is "plain that Plaintiff's duty to defend claim presents a live controversy ripe for adjudication, as defense costs are already presumably being incurred" in the Underlying Action. *Sorosiak*, 2013 WL 12303240, at *1. Additionally, the Court notes that declaratory judgments are

issued in cases where insurance companies seek to determine their duties prior to the full adjudication of an underlying controversy. *See, e.g.*, *U.S. Specialty Ins. Co. v. Nationwide Mut. Ins. Co.*, No. 19-CV-7884 (MKV), 2020 WL 2489078, at *4 (S.D.N.Y. May 14, 2020) (acknowledging that "the duty of Nationwide Mutual to indemnify SMI is contingent on the resolution of the state court action" but nonetheless "reject[ing] the defendants' conclusory assertion that the claim for a judgment declaring that Nationwide Mutual is obligated to indemnify SMI must be dismissed because it is premature"); *Philadelphia Indem. Ins. Co. v. Indian Harbor Ins. Co., No.* 18CV5014DRHAYS, 2020 WL 364161, at *5–6 (E.D.N.Y. Jan. 22, 2020) (rejecting argument that declaratory judgment action was "premature" and denying the "motion to dismiss the claim for indemnification" because "the prospect of liability is not remote[,] speculative, or hypothetical" due to the existence of the underlying action); *State Farm Fire & Cas. Co. v. Mesniaeff*, No. 3:12-CV-01675 VLB, 2014 WL 1154402, at *11 (D. Conn. Mar. 21, 2014) (granting summary judgment to plaintiff insurance company and declaring that the insurance company "ha[d] no duty to defend" or indemnify "in the underlying tort action" even though a "trial ha[d]not occurred"); *Allstate Ins. Co. v. Campagna*, No. CIV.A.307-CV-00098VL, 2008 WL 4000564, at *3 (D. Conn. Aug. 27, 2008) (same).

The Court next addresses Mr. Tenn's related argument that Allstate has failed to state a claim that it is entitled to a declaratory judgement that it has neither a duty to defend nor a duty to indemnify Mr. Tenn as to the Underlying Action.

"Under Connecticut law, it is well established that a liability insurer has a duty to defend its insured" if the underlying pleadings "allege a covered occurrence." *Ryan v. Nat'l Union Fire Ins. Co.*, 692 F.3d 162, 167 (2d Cir. 2012) (quoting *Hartford Cas. Ins. Co. v. Litchfield Mut. Fire Ins. Co.*, 274 Conn. 457 (2005) (alterations omitted)). The question of whether an insurer has a duty to

defend its insured "is to be determined by comparing the allegations of [the] complaint with the terms of the insurance policy." *Cmty. Action for Greater Middlesex Cty., Inc. v. Am. All. Ins. Co.*, 254 Conn. 387, 395 (2000). "In construing the duty to defend as expressed in an insurance policy, the obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage." *Hartford Cas. Ins. Co.*, 274 Conn. at 463 (internal quotation marks and alteration omitted). Accordingly, it "necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint." *Id.* (internal quotation marks omitted); *see also Truck Ins. Exch. v. Mager*, No. 3:06cv1058(WWE), 2007 WL 3119531, at *2 (D. Conn. Oct. 22, 2007) ("The facts alleged in the underlying complaint determine whether an insurer is obligated to defend or indemnify." (citing *Flint v. Universal Mach. Co.*, 238 Conn. 637, 646 (1996))).

"In contrast to the duty to defend, the duty to indemnify is narrower: while the duty to defend depends only on the allegations made against the insured, the duty to indemnify depends upon the facts established at trial and the theory under which judgment is actually entered in the case." *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 688 (Conn. 2004) (citations and internal quotation marks omitted). "Thus, the duty to defend is triggered whenever a complaint alleges facts that *potentially* could fall within the scope of coverage, whereas the duty to indemnify arises only if the evidence adduced at trial establishes that the conduct *actually* was covered by the policy." *Id.* (emphasis in original) (citations and internal quotation marks omitted). "Importantly, 'because the duty to defend is significantly broader than the duty to indemnify, where there is no duty to defend, there is no duty to indemnify.'" *Mesniaeff*, 2014 WL 1154402, at *5 (quoting *DaCruz*, 268 Conn. at 688) (alteration omitted).

Here, Allstate has brought its declaratory judgment action as to the scope of the Policy's coverage subsequent to the filing of the Underlying Complaint. Because the duty to defend "depends only on the allegations made against the insured," *DaCruz*, 268 Conn. at 688, Allstate's claim against Mr. Tenn is not premature. The Underlying Complaint asserts that Mr. Tenn intentionally struck Mr. Moscaritolo with a baseball bat, (*see* Underlying Compl. First Count ¶¶ 2-4), and Allstate has plausibly alleged that its Policy creates no obligation to defend or indemnify Mr. Tenn as to this action. The inclusion of alternate non-intentional claims is of no import at this early stage. Additionally, if Allstate succeeds on its claim regarding its duty to defend, then it necessarily succeeds on its claim that it has no duty to indemnify, given that such a duty is significantly narrower. *See Mesniaeff*, 2014 WL 1154402, at *5. Considering the facts alleged, it is plausible that Allstate can show that Mr. Tenn's alleged striking of Mr. Moscaritolo did not qualify as an "occurrence," that the offending act would fall into one of the Policy's exclusions, or that Mr. Tenn breached the insurance contract by failing to notify Allstate of the incident in the intervening two years prior to Mr. Moscaritolo's initiation of the Underlying Action.

In sum, the Court concludes that Allstate's request for declaratory judgment is ripe for adjudication and that it has stated a claim upon which relief may be granted.

## IV. Conclusion

Accordingly, Defendant's Motion to Dismiss [Doc. # 23] is DENIED.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of June 2020.