UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY<br>*Plaintiff,*<br><br>*v.*<br><br>DONTE TENN and TAILAN MOSCARITOLO<br>*Defendants.* | Civil No. 3:19cv432 (JBA)<br><br>March 18, 2021 |

**ORDER DENYING SUMMARY JUDGMENT PENDING RESOLUTION OF THE QUESTION
CERTIFIED TO THE CONNECTICUT SUPREME COURT**

Plaintiff Allstate Insurance Company (Allstate) brings suit under the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57 against Donte Tenn and

Tailan Moscaritolo, seeking a declaration that it owes no duty to defend or indemnify Donte

Tenn in the underlying Connecticut Superior Court civil suit, *Moscaritolo v. Tenn*, Docket

No. MMX-CV18-6023052-S (Conn. Super. Ct. filed Nov. 2, 2018), in which Tenn is alleged to

have hit Moscaritolo with a baseball bat, causing him to suffer, among other injuries, a

traumatic brain injury, multiple skull fractures, and an intracranial hemorrhage. (Pl.'s Mem.

in Supp. of Mot. for Summ. J. [Doc. # 38-1] at 5.) Allstate argues that Tenn's actions are both

intentional and criminal and therefore are excluded from coverage under the policy. (*Id.* at

17-21.) In response, Defendants Tenn and Moscaritolo argue that nothing alleged in the

state complaint clearly describes intentional or criminal actions as Tenn impulsively swung

the bat in response to a perceived threat. (Mem. of Law in Obj. to Pl.'s Mot. [Doc. # 43]; Def.

Tenn's Opp. to Pl.'s Mot. [Doc. # 42].)

1

Allstate seeks to be relieved of two independent duties—the duty to defend and the duty to indemnify. (Pl.'s Mem. at 17.)  As the duty to indemnify arises only upon disposition of the underlying state case, both parties agreed at oral argument that ruling on Allstate's duty to indemnify would be premature at this time, and the Court denied, without prejudice, Allstate's motion for summary judgment on the duty to indemnify.

As to the insurer's duty to defend, it is triggered "if an allegation of the complaint falls even possibly within the coverage" of the policy. *Pac. Emps. Ins. Co. v. Travelers Cas. & Sur. Co.*, 888 F. Supp. 2d 271, 278 (D. Conn. 2012) (quoting *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 687 (2004)). The duty "is measured solely by whether the complaints against the insured allege facts that, if proven true, would present a claim within the scope of the policy's coverage." *Allstate Ins. Co. v. Wilson*, 18 F. Supp. 3d 156, 160 (D. Conn. 2014).

In the underlying complaint, Moscaritolo alleges four counts: assault, negligent assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*See* Ex. B (Underlying State Compl.) to Pl.'s Compl. [Doc. # 1-2].) As the policy covers negligence and the state complaint alleges both intentional and negligent conduct, two of the four allegations of the state complaint fall within the coverage of the policy. While Allstate argues that Tenn's alleged actions were intentional, and therefore cannot qualify as an "occurrence" under the policy, (Pl.'s Mem. at 10), Defendants argue that "the [state c]omplaint does not allege enough facts to conclude as a matter of law that Tenn's actions were intentional, (Mem. in Opp. at 12).

An "occurrence," described in the Deluxe Plus Homeowners Policy as an "accident," (*see* Homeowners Policy, Ex. A to Pl.'s Amend. Compl. [Doc. #22-1] at 28), is defined by state courts as being characterized by "a lack of intention or necessity, often opposed to

design; an unforeseen unplanned event; a sudden event or change occurring without intent or volition and producing an unfortunate result." *Vermont Mut. Ins. Co. v. Walukiewicz*, 290 Conn. 582, 594 (2009); *see also Wilson*, 18 F. Supp. 3d at 161 ("The Connecticut common law definition of 'accident' focuses on lack of intent."). The state complaint alleges in Count Two that Moscaritolo's injuries were "the direct and proximate result of the negligence, carelessness, and heedlessness of the Defendant." (State Compl. ¶ 9.) As such, Plaintiff's duty to defend is triggered because at least a portion of the complaint potentially falls within the policy's coverage. Thus, Allstate fails to show absence of any duty to defend.

Allstate also argues that summary judgment is warranted because Tenn neglected to "promptly" inform the company about the occurrence and thus forfeited his coverage. (Pl.'s Mem. at 22-23.) While the insured does have the obligation to promptly notify Allstate of an occurrence, the failure to do so only forfeits the insured's coverage if the insurer is prejudiced as a result. *Arrowood Indem. Co. v. King*, 304 Conn. 179, 198 (2012) ("Connecticut requires two conditions to be satisfied before an insurer's duties can be discharged pursuant to the notice provision of a policy: (1) an unexcused, unreasonable delay in notification by the insured; and (2) resulting material prejudice to the insurer.") (quoting *Arrowood Indem. Co. v. King*, 605 F.3d 62, 77 (2d Cir. 2010)).  For example, in *Ellis v. County. Agency, Inc.*, the insured forfeited his coverage when the insurer was not made aware of the pending litigation until after a default judgment had been entered against him and the insurer had lost the opportunity to litigate the case. No. CV146017155S, 2017 WL 3011674, at *3 (Conn. Super. Ct. May 25, 2017) ("Entry of a default judgment against an insured is evidence of prejudice."). Absent evidence of prejudice, the insured retains coverage. *See Arrowood*, 304 Conn. at 202.

In this case, no prejudice resulted from the timing of the notice. The altercation occurred on October 10, 2016, and Allstate was made aware of the potential for litigation on June 19, 2018. (Pl.'s Rule 56(a) Statement, Ex. A to Pl.'s Mot. for Summ. J. [Doc. # 38-2] ¶¶ 8, 20). The state complaint was filed on October 8, 2018, three-and-a-half months after Allstate received notice of the incident. (*Id.* ¶¶ 7, 21.) The three-month period after Plaintiff became aware of the potential for litigation and before the complaint was filed provided sufficient opportunity for it to investigate the claim and engage in settlement discussions with Defendants. Thus, Plaintiff's motion will not be granted on timeliness grounds.

The only remaining ground for Plaintiff's motion is the intentional or criminal acts exclusion clause, which precludes coverage for the criminal acts of the insured.  The state complaint makes conclusory allegations that Tenn's swinging of the baseball bat was "the direct and proximate result of the willful, wanton, intentional and malicious acts of the Defendant," (State Compl. ¶ 4), but provides no factual context to support the assertion that Tenn's actions were intentional. Where a plaintiff alleges intentional action but offers "no accompanying factual allegations to support that statement," such conclusory allegations "are not sufficient to demonstrate the applicability of the policy's intentional or criminal acts exclusion." *Allstate Ins. Co. v. Neleber*, No. 3:14CV00629 (DJS), 2015 WL 5442828, at *4, *7 (D. Conn. Sep. 15, 2015). Thus, the conclusory allegations contained in the state complaint, without factual allegations contextualizing them, are insufficient to trigger the intentional acts exclusion of Allstate's policy.

Plaintiff further argues that Tenn's *nolo contendere* plea, which he entered in state court in response to the criminal assault charge brought against him, automatically triggers the policy's criminal acts exclusion. As the impact of a *nolo contendere* plea on insurance

coverage is an unsettled question of state law, this Court declines to rule definitively on Plaintiff's motion without further direction from the Connecticut Supreme Court and has certified this question for its review. Unless the state court resolves the question in Plaintiff's favor, its motion for summary judgment cannot be granted.

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment [Doc. # 38] pending resolution of the unsettled question of state law by the Connecticut Supreme Court. The Clerk is directed to close this case pending final action by the Connecticut Supreme Court.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of March 2021.