UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY<br><br>*Plaintiff,*<br><br>*v.*<br><br>DONTE TENN and TAILAN MOSCARITOLO<br><br>*Defendants.* | Civil No. 3:19cv432 (JBA)<br><br>March 18, 2021 |

**ORDER CERTIFYING A QUESTION OF LAW TO THE CONNECTICUT SUPREME COURT**

Plaintiff Allstate Insurance Company (Allstate) brings this action under 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57 against Donte Tenn and Tailan Moscaritolo seeking a declaratory judgment that it owes no duty to defend Donte Tenn in the underlying state civil suit, *Moscaritolo v. Tenn*, Docket No. MMX-CV18-6023052-S (Conn. Super. Ct. filed Nov. 2, 2018), in which Tenn is alleged to have hit state plaintiff Tailan Moscaritolo with a baseball bat, causing Moscaritolo to suffer serious head injuries. (Pl.'s Mem. in Supp. of Mot. for Summ. J. [Doc. # 38-1] at 5.)

Allstate moved for summary judgment [Doc. # 38], arguing that Tenn was precluded from coverage because his actions did not constitute an "occurrence" and otherwise fell within the criminal and intentional acts exclusion of his mother's Deluxe Plus Homeowners Policy. (Pl.'s Mem. at 4, 10.) This Court partially denied summary judgment in a separate ruling [Doc. # 48], holding that Tenn's actions, as alleged in the state complaint [Doc. # 22-1], could constitute an occurrence and may not fall within the criminal or intentional act

1

exclusion. However, the Court reserved decision on Plaintiff's contention that Tenn's *nolo contendere* plea to the state criminal assault charges against him for his role in the incident triggers the criminal acts exclusion, thereby precluding Tenn from coverage. (Pl.'s Mem. at 4.) For the reasons that follow, this Court certifies to the Connecticut Supreme Court the question of whether Tenn's *nolo contendere* plea can trigger the "criminal acts" exclusion in Allstate's insurance policy.

## I.    Background

On October 10, 2016, Tenn struck Moscaritolo, causing Moscaritolo to suffer a traumatic brain injury and numerous other head injuries.[1] Tenn was arrested on November 2, 2016 and pled *nolo contendere* to assault in the first degree.  He was sentenced to twelve years of incarceration, with execution suspended after two years, and three years of probation upon release. (*See* Tenn Criminal Conviction, Ex. 4 to Pl.'s Mem. [Doc. # 38-6] at 2.)

Moscaritolo brought suit against Tenn in Connecticut Superior Court for the Judicial District of Middlesex on November 27, 2018 alleging assault, negligent assault, intentional infliction of emotional distress, and negligent infliction of emotional distress. In the state complaint, Moscaritolo alleges that Tenn "forcefully struck" him about the head and body with a baseball bat and that the incident was both a "result of [Tenn's] willful, wanton, intentional and malicious acts" and "of [his] negligence, carelessness, and heedlessness." (Underlying State Compl. [Doc. # 1-2] at 2-3.)

---

[1] These facts reflect those detailed in Allstate's Local Rule 56(a)1 Statement and are undisputed by either Defendant in responsive pleadings or at the Oral Argument held on January 28, 2021. (*See* Pl.'s Local R. 56(a)1, Ex. A to Pl.'s Mot. for Summ. J. [Doc. # 38-2].)

Tenn's mother Stephanie L. Patrick was the policyholder of Deluxe Plus Homeowners Policy No. 025 027 727, which provides coverage to Tenn as a resident relative of the household and, in the event of suit against an insured person arising from an occurrence under the policy, "provide[s] a defense with counsel of [Allstate's] choice, even if the allegations are groundless, false or fraudulent." (Affidavit of Allstate Agent Cheryl Hughes, Ex. 2 to Pl.'s Mot. [Doc. # 38-4] at 2; Homeowners Policy, Ex. A to Pl.'s Amend. Compl. [Doc. #22-1] at 46.) However, the policy excludes coverage for damages "which may reasonably be expected to result from the intentional or criminal acts of the insured person, . . . regardless of whether or not such insured person is actually charged with, or convicted of a crime." (Homeowners Policy at 46.)

Allstate received notice of Tenn's encounter with Moscaritolo and the resulting coverage claim on June 19, 2018. (Hughes Affidavit at 3.) It filed this complaint for declaratory judgment in the District of Connecticut on March 25, 3019 [Doc. # 1]. Plaintiff Allstate moved for summary judgment on August 27, 2020 [Doc. # 38], and this Court, after examining the state complaint and relevant caselaw, determined that Moscaritolo's conclusory allegations in the state complaint that Tenn acted intentionally were not substantive enough to preclude Tenn from coverage under the policy. (*See* Order Denying Summ. J. [Doc. # 48].) However, the Court reserved decision on whether Tenn's conviction for the assault, based on his *nolo contendere* plea, may automatically trigger the criminal acts exclusion of Allstate's policy.

## II.   Discussion

Under Connecticut law, a *nolo contendere* plea, also referred to as an *Alford* plea, may not be used in "subsequent civil action[s] or administrative proceeding[s] to establish

either an admission of guilt or the fact of criminal conduct." *Town of Groton v. United Steelworkers of Am.*, 254 Conn. 35, 49, 51 (2000). However, the plea may result in other collateral consequences, such as loss of parental custody or a violation of probation, where the fact of conviction itself, regardless of the defendant's underlying conduct, violates certain established and legally-binding conditions. *See State v. Daniels,* 248 Conn. 64, 73 (1999) ("We recognize that the defendant's conviction based on his *Alford* plea would establish a violation of the conditions of the defendant's probation."); *Godin v. Godin*, No. FA93 53345, 1995 WL 491420, at *2 (Conn. Super. Ct. Aug. 8, 1995) (holding that the father's "'alford' pleas [] do[] not alter the fact of conviction" for the purposes of denying him joint custody of his children). Allstate argues that preclusion of coverage under the Policy's criminal exclusion clause predicated on the *nolo* plea, even without proof of underlying criminal conduct, is one of those collateral consequences. (Pl.'s Mem. at 21.)

A court may certify a question of state law for review by the Connecticut Supreme Court "if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state." CONN. GEN. STAT. § 51-199b. The Second Circuit has previously certified, and the Connecticut Supreme Court accepted, this question of whether a conviction resulting from a *nolo contendere* plea precludes insurance coverage under a criminal acts policy exclusion. *Northfield Ins. Co. v. Derma Clinic, Inc.*, 440 F.3d 86, 93 (2d Cir. 2006) ("[W]e think the Supreme Court of Connecticut should decide whether a plea of *nolo contendere* and the resulting conviction can be used to trigger a criminal acts exclusion in an insurance policy."); *see also* Letter dated 5/31/06 from the State of Connecticut/Supreme Court Appellate Court, accepted the questions of law certified by the USCA 2nd Cir., *Northfield Ins. Co. v. Derma Clinic*

*Inc.,* No. 04-2056 (2d Cir. June 7, 2006). The question presented stemmed from a series of

cases analyzing the collateral consequences of *nolo contendere* pleas in Connecticut,

including *Allstate Ins. Co. v. Simansky,* 45 Conn. Supp. 623, 629 (Conn. Super. Ct. 1998), which

held that the fact of conviction itself triggered the criminal acts exclusion of the policy, and

*Town of Groton*, 254 Conn. at 51, which established that *nolo* pleas cannot be used to prove

underlying criminal conduct. The Second Circuit did not find *Simansky* determinative in

*Derma Clinic* because its holding relied on reasoning established in *Sokoloff v. Saxbe*, another

Second Circuit case to which "the Supreme Court of Connecticut has specifically noted that it

does not wholly subscribe." *Northfield*, 440 F.3d at 92–93 (referencing *Sokoloff v. Saxbe*, 501

F.2d 571, 574 (2d Cir.1974)). Recognizing the absence of controlling appellate authority on

this issue, the Second Circuit exercised its authority under 2nd Cir. R. § 0.27 and CONN. GEN.

STAT. § 51–199b(d) to certify the question to the Connecticut Supreme Court. However,

*Derma Clinic* settled before the question was answered and the jurisprudence remains

inconclusive. *See* Order Requesting Withdrawal, *Northfield Ins. Co. v. Derma Clinic Inc.,* No.

04-2056 (2d Cir. July 31, 2006); *Pac. Emps. Ins. Co. v. Travelers Cas. & Sur. Co.*, 888 F. Supp. 2d

271, 282 (D. Conn. 2012) ("[T]he *Derma Clinic* case was resolved before the Connecticut

Supreme Court had the opportunity to respond.").

       This Court finds this unanswered question to be determinative here. If Tenn's plea

of *nolo contendere* triggers the criminal acts exclusion clause of Allstate's policy, then

summary judgment should be granted to Plaintiff.  However, if the limitations on the use of

*nolo contendere* pleas in subsequent civil actions extend to insurance coverage, then

Plaintiff's motion may fail because the state complaint alleges conduct that could be

covered by the policy.

Where an open question of state law prevents the proper determination of a case, that question may be certified to the Connecticut Supreme Court for resolution. CONN. GEN. STAT. § 51–199b(d); *see Ballou v. Law Offs. Howard Lee Schiff, P.C.*, 713 F. Supp. 2d 79, 80 (D. Conn. 2010), *certified question answered*, 304 Conn. 348 (2012); *Hernandez v. Apple Auto Wholesalers of Waterbury LLC,* No. 3:17-cv-1857 (VAB), 2020 WL 2542752, at *6-*7 (D. Conn. May 18, 2020), *certified questions pending*, No. SC 20481 (Conn. argued Nov. 16, 2020). As the impact of Defendant's *nolo contendere* plea is outcome determinative in this case, certification is warranted.

This Court respectfully certifies the following question to the Connecticut Supreme Court:

1. Whether a plea of *nolo contendere* and the resulting conviction can be used to trigger a criminal acts exclusion in an insurance policy.

*See Northfield*, 440 F.3d at 90. In accordance with CONN. GEN. STAT. § 51–199b(d), the Connecticut Supreme Court may reformulate the question as necessary. The names and addresses of counsel of record are as follows.  Plaintiff Allstate is represented by Michele C. Wojcik and Paige D. Beisner of Nuzzo & Roberts, LLC, One Town Center, PO Box 747, Cheshire, CT 06410. Defendant Donte Tenn is represented by Ronald S. Johnson of the Law Office of Ronald S. Johnson, 100 Wells St., Suite 2C, Hartford, CT 06130, and Defendant Tailan Moscaritolo is represented by Eamon T. Donovan of Donovan & Morello, Cromwell West Office Park, 154 West St., Building 3, Cromwell, CT 06416.

Accordingly, it is hereby ordered that the Clerk of this Court transmit to the Clerk of the Connecticut Supreme Court a complete set of the briefs, appendices, and records filed

by the parties in this case.  The parties will bear equally such costs and fees, if any, as may

be required by the Connecticut Supreme Court. CONN. GEN. STAT. § 51-199b.


IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of March 2021.